COPY

IN THE CIRCUIT COURT OF SIMPSON COUNTY, MISSISSIPPI

DORIS HOOD                                                                 PLAINTIFF

VS.                                                        Cause No. 2012-201

AMEDISYS, INC., AMEDISYS HOLDING, LLC,
AMEDISYS MISSISSIPPI, LLC,
and JOHN DOES 1-10                                                        DEFENDANTS

## COMPLAINT
### JURY TRIAL DEMANDED

COMES NOW the Plaintiff, Doris Hood, and files this Complaint against Amedisys, Inc., Amedisys, Holding, LLC, Amedisys Mississippi, LLC, and John Does 1-10. In support thereof, Plaintiffs would state as follows:

### PARTIES

1. Plaintiff Doris Hood is an adult resident citizen of McMinn County, Tennessee. At all relevant times to the allegations in this Complaint, Doris Hood was a resident citizen of Simpson County, Mississippi.

2. Defendant Amedisys, Inc., is a corporation organized and existing under the laws of the State of Louisiana. It may be served with process of this Court by service on its registered agent for service of process, Celeste Pfeiffer, at 5959 S. Sherwood Blvd., Baton Rouge, Louisiana 70816.

3. Defendant Amedisys Holding, LLC is a limited liability company organized and existing under the laws of the State of Louisiana. It may be served with process of this Court by service on its registered agent for service of process, CT Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

1



FILED
JUN 27 2012
SIMPSON COUNTY
CIRCUIT COURT

EXHIBIT
A

COPY

4. Defendant Amedisys Mississippi, LLC is a limited liability company organized and existing under the laws of the State Louisiana. It may be served with process of this Court by service on its registered agent for service of process, CT Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

5. Defendants John Does 1-10 (hereinafter sometimes referred to as "Defendants") are corporations, entities, businesses, individuals and employees, agents and servants of Amedisys, Inc., Amedisys, Holding, LLC, and/or Amedisys Mississippi, LLC which are presently unknown to the Plaintiffs, but who are liable to the Plaintiffs in this cause of action.

## JURISDICTION AND VENUE

6. This court has proper subject matter jurisdiction and *in personam* jurisdiction over the defendants. Venue is proper in Simpson County, Mississippi pursuant to Mississippi Code Section 11-11-3 as the facts and circumstances that gave rise to this cause of action occurred and accrued in Simpson County, Mississippi.

## FACTS

7. On or about April 10, 2010, Plaintiff Doris Hood (hereinafter referred to as "Doris Hood" or "Mrs. Hood") underwent a mastectomy of the right breast to remove a tumor. The wound healed poorly and the closure dehisced. The dehiscence and subsequent remediation left an open wound cavity in Mrs. Hood's breast requiring follow-up care. As part of that follow-up, home health visits were ordered and were provided by nurses and/or other medical technicians in the employment of Amedisys, Inc., Amedisys, Holding, LLC, and/or Amedisys Mississippi, LLC (hereinafter referred to as "Amedisys"). The services provided by Amedisys included assisting Mrs. Hood in dressing her wound and assisting and educating her with wound vac procedures. Among the duties owed by Amedisys to Mrs. Hood was the duty to exercise ordinary, reasonable

FILED
JUN 27 2012
SIMPSON COUNTY
CIRCUIT COURT



care according to the objective standards applicable to those in the nursing and/ or home health care profession and owed to those patients in Mrs. Hood's position.

8. Amedisys, by or through its employees, negligently left a piece of Kerlix-style wound gauze impacted in Mrs. Hood's wound cavity. On or about July 1, 2010, Mrs. Hood, while in the presence of a nurse employed by Amedisys, discovered the gauze.

9. Upon examination by a trained wound care doctor, it was determined that the gauze had begun to adhere to the wall of the flesh inside the wound. It was therefore necessary to cut the gauze away from the tissue wall with a scalpel.

10. Mrs. Hood's recovery from her mastectomy was compromised by the foreign object, namely the gauze. As a result of the negligence of Amedisys, the healing of the wound was delayed, proximately causing her injuries, including but not limited to economic damages related to the medical treatment stemming from the foreseeable failure of the wound to properly heal, and noneconomic damages including her disfigurement and unnecessary pain of a chronic and prolonged nature.

11. Defendants are responsible for the negligent acts of their agents, servants and employees, and are therefore vicariously liable for the injuries to Plaintiff. The negligent acts, both of omission and commission, by the agents, employees and servants of Defendants constitute tortious breach of contract, negligence and/or gross negligence and were the direct and proximate ~~cause of Plaintiff's injuries. The conduct of Defendants, as set forth herein, with respect to~~ Plaintiff and others similarly situated constitutes a pattern and practice of neglect, negligence, gross negligence, breach of contract, and tortious breach of contract, so as to justify the imposition of punitive damages.

FILED
JUN 27 2012
SIMPSON COUNTY
CIRCUIT COURT



## COUNT I: NEGLIGENCE AND/OR GROSS NEGLIGENCE AGAINST ALL DEFENDANTS

12. Plaintiff realleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

13. The above-described acts and/or omissions and resulting injuries to Doris Hood, and the resulting loss and damages sustained by Plaintiff were proximately caused by or contributed to by the negligence of Defendants.

14. At all times mentioned herein, Defendants held themselves out as a skilled nursing home health provider duly qualified and capable of rendering adequate nursing care, treatment and services to the public, and for such purposes hired nurses, technicians, attendants and other personnel. Defendants had a duty to provide appropriate medical care to Doris Hood.

15. Defendants were imposed with non-delegable duties related to the care, treatment, and provision of skilled nursing care to Doris Martin, including, but not limited to, a duty to skillfully, prudently and thoroughly care for, treat and observe Plaintiff, in such a manner as would a reasonably prudent skilled nursing home health provider who was confronted with, and by, similar conditions and circumstances.

16. Defendants, by and through the actions of its agents servants, employees and nursing staff, in the course and scope of their employment, breached the above-mentioned duty by leaving a foreign object embedded in Doris Hood's mastectomy wound. At all times mentioned herein, Defendants represented that nurses, technicians and other medical personnel in its employ or on its staff were qualified and capable of rendering emergency, medical, and health care treatment in accordance with good and accepted standards of nursing and wound care practice.

17. Defendants, their agents, servants or employees, breached the aforesaid duty in one or more of the following ways:

FILED
JUN 27 2012
SIMPSON COUNTY
CIRCUIT COURT

4



a) Failure to provide minimally competent healthcare treatment;

b) Failure to adequately train their agents, servants, representatives, and employees;

c) Failure to adopt and/or enforce policies, procedures, or rules relating to the proper care, treatment, and provision of nursing services to Doris Hood and others similarly situated;

d) Failure to adequately, continuously, and proficiently monitor the health and physical well being of Doris Hood and others similarly situated.

e) Failure, despite apparent and objective symptoms, to properly discover Plaintiff's condition and/or properly treat it;

f) Failure to conduct proper or complete examinations of Doris Hood. Said examinations would have further disclosed her condition;

g) Failure to advise, instruct, and/or supervise agents, servants, representatives, and employees regarding the proper care of Doris Hood;

h) Failure to keep informed of current techniques and literature regarding recognized standards of nursing practice for the treatment and care of patients in Doris Hood's condition;

i) Failure to properly observe and report the condition of Doris Hood;

j) Failure to provide Doris Hood with reasonably prudent and proper nursing care, ~~treatment and services after Defendants knew or should have known of her~~ condition;

k) Negligently implanting gauze into Doris Hood's breast;



l) Other failures and negligent acts or omissions of Defendants from April 10, 2010 through February 8, 2011 that may be discovered during the discovery of this case.

Said negligent acts and/or omissions of Defendants were the proximate or contributing causes of the above-described incident, the resulting injuries sustained by Doris Hood, and resulting losses and damages as described hereinafter.

### COUNT II: BREACH OF WARRANTY AGAINST ALL DEFENDANTS

18. Plaintiff realleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

19. In consideration of Doris Hood's agreement to pay for services rendered, Defendants impliedly warranted that she would be furnished with adequate, safe and proper care.

20. Defendants failed, refused and/or neglected to provide adequate, safe and proper care in the manner and form previously set forth herein.

21. Said breach of warranty by Defendants proximately caused the above-described incidents, the resulting injuries and death sustained by Doris Hood, and resulting losses and damages as described hereinafter.

### COUNT III: NEGLIGENCE OF JOHN DOES 1-10

22. These John Doe Defendants are medical providers who had a duty to provide proper care ~~and treatment to Plaintiff, or are corporate entities that are the principals of medical providers~~ who had a duty to provide proper care and treatment to Plaintiff. Plaintiff believes and alleges that each of the Defendants designated herein as a Doe breached the standard of care, was negligent in the treatment and care of the Plaintiff, and proximately caused injuries and damages resulting to the Plaintiff as herein alleged.

FILED
JUN 27 2012
SIMPSON COUNTY
CIRCUIT COURT



23. Plaintiff asserts that the foregoing negligence proximately caused or contributed to the injuries sustained by Plaintiff.

## DAMAGES

24. As a result of the negligence of the Defendants, Plaintiff suffered needless complications, including infections and disfigurement. As a result of said injuries, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish and loss of enjoyment of life. She has incurred past medical expenses and and is expected to incur future medical expenses, economic damages and other expenses. Plaintiff would show that the injuries and damages were proximately caused or contributed to by the negligent acts and/or omissions of the Defendants as stated above.

25. Defendants' medical care of Plaintiff was wanton, willful and/or performed with such gross negligence and/or reckless indifference to the rights and safety of Plaintiff that punitive damages are proper.

26. The arbitrary and capricious restrictions on compensatory and punitive damages as set forth in *Miss. Code Ann.* §§ 11-1-60 and 11-1-65 are void and unenforceable in that they are beyond the legislative authority afforded the legislature under the Mississippi Constitution and violate the due process and equal protection clauses of the Mississippi Constitution and the United States Constitution.

27. ~~Notwithstanding the void and unenforceable provisions of Section 11-1-58(1)(a) of the~~ Mississippi Code, counsel for Plaintiff has reviewed the facts of the case and has consulted with at least one expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence, who is qualified to give expert testimony as to standard of care or negligence, and who Plaintiff's counsel reasonably believes is knowledgeable in the relevant

FILED
JUN 2 7 2012
SIMPSON COUNTY
CIRCUIT COURT



issues involved in the particular action. Counsel for Plaintiff has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action and attaches herewith to this Complaint as "Exhibit A" to that effect.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a trial by jury and request that all Defendants be held individually liable to Plaintiff for all compensatory and punitive damages allowed under Mississippi law.

RESPECTFULLY SUBMITTED, this the 20th day of June.

                      LANGSTON & LANGSTON, PLLC

                      Shane F. Langston, Esq.
                      John B. Hunt, Esq.

Of Counsel:
Shane F. Langston MSB# 1061
Rebecca M. Langston MSB# 99608
Jessica E. Murray MSB # # 103990
John B. Hunt, IV MSB# 103847
LANGSTON & LANGSTON, PLLC
201 North President Street
Jackson, Mississippi 39201
(601) 969-1356

FILED
JUN 27 2012
SIMPSON COUNTY
CIRCUIT COURT